**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00016-MR-DLH-7**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| | ) | |
| **VINCENT CRAIG MOSLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

 **THIS MATTER** is before the Court upon the Defendant's "Motion to Partially Lift Seal on Plea Agreements Filed in This Case" [Doc. 206].

 During the trial of this matter, Defendant's counsel filed the present motion, asking the Court to "partially lift the seal related to plea agreements" entered into by the Defendant's co-defendants in this case. [Doc. 206 at 1]. For grounds, counsel stated that such action was necessary in order for him to review such agreements and to determine whether they should be introduced into evidence for consideration by the jury. [Doc. 206]. At trial, counsel argued that the plea agreements were relevant to demonstrating that the Government had not met its burden of proof because it had failed to

present the testimony of any co-conspirators, despite the Government's ability to compel the testimony of these witnesses.

Based on the arguments of counsel, the Court denied counsel's request to introduce the plea agreements as evidence, noting that none of the co-defendants had been called to testify and that the plea agreements were not relevant to proving or disproving any fact of consequence in the action. Additionally, Defendant's counsel sought to argue that the "Assistance" provision of those plea agreements allowed the Government to compel the co-defendants to testify to whatever information they had inculpating the Defendant. The Court, however, held that the probative value of such evidence for the purposes cited by counsel was substantially outweighed by the danger of confusing the issues or misleading the jury. Further, the Court noted that introduction of these plea agreements was not necessary in order for the Defendant to point out to the jury the lack of testimony by any co-conspirators in closing arguments. [1]

---

[1] The "Assistance" provision consists of identical language that is found in all plea agreements filed in this District unless affirmatively and manually stricken. Its meaning and operation are not in dispute. At trial, Defendant's counsel proposed to argue that this provision had a meaning different from how it actually operates. This was denied by the Court, although Defendant's counsel was allowed to place before the jury the fact that all of the Defendant's co-defendants had pleaded guilty and that none of them testified, even though they could have been compelled to do so pursuant to 18 U.S.C. § 6001, *et seq.* Those issues, however, were not raised by the Defendant's written motion and thus are

With regard to the Defendant's written motion to partially lift the seal on the plea agreements, in addition to the reasons stated in open court, the Court further notes that denial of the motion is warranted for another reason. The plea agreements of the Defendant's co-conspirators were *not sealed* in this matter; rather, in accordance with this Court's standard practice, electronic access of these filings was restricted to court users, case participants, and users of the Court's public access terminal. Such restrictions are placed on court documents (such as plea agreements) which reference any potential cooperation of defendants and/or witnesses, in order to protect the safety of those persons. As a co-defendant to these parties, the Defendant was a "case participant" and thus his counsel had access through both the public terminal and the Court's PACER system to these documents. As such, the Defendant's written motion was moot in that the Defendant sought to unseal that which was not sealed. For all of these reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Partially Lift Seal on Plea Agreements Filed in This Case" [Doc. 206] is **DENIED**.

---

not disposed of herein.

**IT IS SO ORDERED.**

Signed: January 23, 2017

Martin Reidinger
United States District Judge